# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-1899
LT Case No. 2020-13521-CODL

_____

AUTO CLUB INSURANCE
COMPANY OF FLORIDA,

     Appellant,

     v.

EXPRESS CARE OF BELLEVIEW,
LLC a/a/o EILEEN FONTI,

     Appellee.

_____

Case No. 5D2022-2391
LT Case No. 2020-16726-CODL

_____

AUTO CLUB INSURANCE
COMPANY OF FLORIDA,

     Appellant,

     v.

EXPRESS CARE OF BELLEVIEW,
LLC a/a/o HELMUT J. MEVEN,

     Appellee.

On appeal from the County Court for Volusia County.
Angela Dempsey, Judge,
Rachel D. Myers, Judge.

Michael A. Rosenberg, of Cole, Scott & Kissane, P.A., Plantation, for Appellant.

Chad A. Barr and Dalton Lee Gray, of Law Office of Chad A. Barr, P.A., Altamonte Springs, for Appellee.

June 28, 2024

EDWARDS, C.J.

The issue in these consolidated cases involves the amount of reimbursements that an insurer providing Personal Injury Protection ("PIP") benefits must pay when the health care provider submits a bill for treating its insured which is less than the statutory schedule of maximum charges which the insurer utilized in its policy as its limit of PIP reimbursement. Summary judgments were entered in favor of the health care provider, Express Care of Belleview, LLC, based upon an earlier case from this Court dealing with atypical policy language. The issue has been settled by the Florida Supreme Court's opinion in *Allstate Insurance Co. v. Revival Chiropractic, LLC.*, 49 Fla. L. Weekly S113 (Fla. April 25, 2024). Based upon that decision, we reverse the summary judgments entered in favor of Appellee, Express Care of Belleview, LLC, and remand for entry of summary judgments in favor of Appellant, Auto Club Insurance Company of Florida.[1]

---

[1] The parties submitted competing motions for summary judgment in which they agreed that there were no issues of fact and that the issue was purely a legal question.

2

In our cases, Express Care treated patients who had PIP insurance provided by Auto Club. As is customary, the insured patients assigned their PIP benefits to Express Care, which then submitted charges for their treatment to Auto Club. The PIP policy provisions utilized by Auto Club adopted a statutory schedule of maximum charges that it would pay as its own schedule of maximum charges for reimbursing health care providers treating its insured.

Express Care submitted charges to Auto Club for the two insured patients seeking payment in an amount less than the insurer's maximum reimbursement rate. Consistent with section 627.736(1)(a), Florida Statutes (2017), Auto Club reimbursed Express Care at the statutory rate of eighty percent of the billed amount. Express Care sued alleging that it was entitled to payment in full of its charges given that they were below the statutory maximum scheduled amount for services adopted by Auto Club.

In *Revival Chiropractic* the supreme court held that Florida's statutory scheme for medical care provided through PIP called for reimbursement at the rate of eighty percent of the reasonable amount charged for necessary treatment limited by the statutory maximum benefit amount if the insurer had included that provision in its policy. The court held that the fact that a health care provider submitted a request for reimbursement at an amount lower than the maximum reimbursement amount did not entitle the provider to payment in full up to the maximum amount. Rather, it would still receive eighty percent of the amount billed, up to the maximum amount. The supreme court's detailed analysis is set forth fully in *Revival Chiropractic* and need not be repeated here.

The supreme court noted that one of the cases relied upon by courts granting summary judgments in favor of health care providers seeking full reimbursement for charges below the maximum scheduled amount came from this Court, *Hands On Chiropractic PL v. GEICO General Insurance Co.*, 327 So. 3d 439 (Fla. 5th DCA 2021). Another came from the Fourth District and also involved a GEICO policy. *Geico Indem. Co. v. Muransky Chiropractic P.A.*, 323 So. 3d 742 (Fla. 4th DCA 2021). The

3

supreme court noted that the insurance policies involved in the just-cited cases contained provisions materially different from the provisions in the Allstate policy involved in the *Revival Chiropractic* case. *Revival Chiropractic*, 49 Fla. L. Weekly S113. The supreme court noted that *Hands On Chiropractic* and *Muransky* were decided without the benefit of its later-decided case, *MRI Associates of Tampa, Inc. v. State Farm Mutual Automobile Insurance Co.*, 334 So. 3d 577 (Fla. 2021). *Id.* Regarding those district court cases, the supreme court announced, "that they have been undermined to the extent that whatever they might have to say relevant to the issue in this case has been superseded by our analysis in *MRI Associates.*" *Id.* Thus, while controlling in their day, those two district court cases cannot support the summary judgments entered in favor of Express Care in this case, which we now reverse.

Accordingly, we reverse the summary judgments entered in favor of Express Care and remand for entry of summary judgments in favor of Auto Club.

REVERSED and REMANDED.

MAKAR and BOATWRIGHT, JJ., concur.

––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––

4